UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re: ROBERT DAVID RAWSON and
JACOBA ADRIANA RAWSON,

    Petitioners,

Case No:   6:16-cv-11-Orl-41TBS

## REPORT AND RECOMMENDATION

    Pending before this Court is Plaintiffs' Petition for Removal Under United States Title Nine – Arbitration (Doc. 1).   Upon due consideration, I respectfully recommend that the case be **dismissed with prejudice.**

### I. Background

    On January 5, 2016, Plaintiffs filed their petition, citing to the United States Constitution, Article I, § 8, Article III, and Amendment Thirteen (Doc. 1).   The stated purpose of the petition is to remove Florida Fifth District Court of Appeals Case 5D15-4235 and Florida Eighteenth Judicial Circuit Court case 2009-CA-005626 to this Court (Id. at 1).

### II. Procedural History

    On July 6, 2009, Chase Home Finance, LLC, filed a state court foreclosure action against Petitioners.[1]   On March 7, 2014, Petitioner, Robert David Rawson removed the foreclosure case to this Court (Case No. 6:14-cv-373, Doc.1).   On March 20, 2014, I recommended to the district judge that the case be remanded because this Court lacked subject matter jurisdiction, the removal was untimely, and the relief sought violated the

---

[1] Details of the state trial court docket are taken from online court records of the Seminole County, FL Clerk of Court: http://www.seminoleclerk.org/CivilDocket/case_detail.jsp?CaseNo=2009CA005626

Rooker-Feldman doctrine (Case No. 6:14-cv-373, Doc. 8).   On April 22, 2014, the district judge adopted my report and recommendations and remanded the case to state court (Case No. 6:14-cv-373, Doc. 18).   The Clerk closed the case the next day.   Petitioners appealed the district judge's ruling to the Court of Appeals for the Eleventh Circuit which dismissed for lack of subject matter jurisdiction (Case No. 6:14-cv-373, Docs. 20, 23).   Undeterred, Robert David Rawson requested a change of venue to the District of Columbia and continued to file various notices and questions on this Court's docket (Case No. 6:14-cv-373, Docs. 22, 24-36).   He was denied any further relief (Case No. 6:14-cv-373, Doc. 37).   Petitioners lost in the state trial court and appealed that ruling to Florida's Fifth District Court of Appeal on December 8, 2015.   The Fifth District dismissed the appeal on January 27, 2016.[2]   Plaintiffs now seek to challenge the same foreclosure action in this Court once again.

### III. Discussion

The current petition is unsigned, fails to identify any defendants, fails to allege a basis for the Court's jurisdiction, fails to state a request for relief, and is unaccompanied by a filing fee.   There is no complaint and no proper notice of removal.   Consequently, the petition violates Federal Rules of Civil Procedure 3, 8(a), 10(a)-(b), 11(a), as well as Title 28 U.S.C §§ 1331, 1332, and 1449.   And, if there was a pending state court action this Court would still lack jurisdiction because the relief sought would violate the Rooker-Feldman doctrine.   As I have explained to Petitioners in the previous case, the state court has entered a final judgment of foreclosure which has been upheld by the state

---

[2] Details of the state appellate court docket are taken from online court records of the Florida Fifth District Court of Appeal Office of the clerk:
http://jweb.flcourts.org/pls/ds/ds_docket?p_caseyear=2015&p_casenumber=4235&pscourt=5

- 2 -

appellate court.   This Court is without jurisdiction to review that judgment (Case No. 6:16-cv-373, Doc. 8 at 5).[3]

### IV. Recommendation

For these reasons, I respectfully recommend that the district court **dismiss this action with prejudice**.

### V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

---

[3] The Rooker-Feldman doctrine provides that the district courts do not have jurisdiction to act as appellate courts and are precluded from reviewing final state court decisions. Green v. Jefferson Cnty. Com'n, 563 F.3d 1243, 1249 (11th Cir. 2009); see also Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed. 2d 454 (2005). This Court does not have the authority to overturn and vacate the state court foreclosure judgment, and thus, removal is unavailable as a matter of law. HSBC Bank USA, N.A. v. Anderson, No. 6:12-cv-1309-Orl-22DAB, 2012 WL 4896686 *3 (M.D. Fla. Sept. 24, 2012) adopted by 2012 WL 4899680 (M.D. Fla. Oct. 15, 2012).

(Case No. 6:16-cv-373, Doc. 8 at 5-6).

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 5, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Petitioners, pro se

- 4 -